

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion O-3033
Re: Estate of Henry
Schroeder — The $282.16
sent the Treasurer should
be placed in Estate Fund
Account.

We have carefully looked into the matter referred to
in a letter written you by John M. Turner, County Attorney
of Beeville, Texas, relative to the disposition of $282.16,
which was forwarded to you as estate money in the Estate of
Henry Schroeder.

We understand from the letter written by Mr. Turner
that after Henry Schroeder died there was an administration
on his estate. We assume that this was necessary in order
to pay his debts and properly administer his estate.

We assume that the estate owned some personal property
in the way of money and other personal property and eighty (80)
acres of land. We assume that the land was finally sold for
taxes and we assume that the tax suit was brought and legal no-
tice given and that sale was made under an order of sale as pro-
vided for in said tax judgment and that the sum of $282.16 was
left in the hands of the Administrator after all debts including
taxes were paid.

We do not, of course, have the papers in the tax suit
before us and neither do we have the probate proceedings other
than the judgment rendered in the probate court on April 3, 1939,
when the estate was finally closed. This order conforms to the
provisions of the estate statutes.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Charley Lockhart, page 2

We do not think the land escheated to the State; under Articles 3272 and 3273, it is provided that if there is any land that has not been claimed the county attorney may bring a suit to escheat the land to the State. Since the county attorney did not bring a suit to escheat the land and since the administration was continued in force and the Administrator continued to control the property as Administrator for the Estate, he should have rendered the property for taxes. If he did not render it, it was the duty of the tax assessor to render the property against the Estate of Henry Schroeder for taxes and it was the county attorney's responsibility to bring suit to foreclose this tax lien and a sale for taxes passed a good title unless same was redeemed within the period allowed under the law.

Articles 3644 to 3666, inclusive, provide that when the person entitled to an estate does not claim same the administrator shall pay the money to the State Treasurer, who shall hold same in the Estate Fund. It seems that the $282.16 which you have received from the Administrator of the Schroeder Estate has been tendered to you under these articles.

Under the facts as stated in Mr. Turner's letter, we think the money should be held in the Estate Fund and not in the Escheat Fund.

We are sending a copy of this letter to Mr. John M. Turner, County Attorney, Beeville, Texas.

We return you herewith the copy of the judgment of the probate court in the Schroeder Estate.

APPROVED JAN 30 1942

*[signature]*

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *[signature]*

Geo. W. Barcus
Assistant

CWB:EP

ENCLOSURE

